Nov. Term,
1847.

HARKER
v.
THE STATE.

*Saturday,*
*December 4.*

---

## HARKER v. THE STATE. ·

Indictment for a rape. After the examination of the testimony, and the arguments of counsel, were on both sides closed, the Court permitted the prosecuting attorney to prove where the offence was committed. *Held*, that this proceeding was not erroneous.

If, instead of the course pursued, a *nolle prosequi* had been entered, the prisoner could not have been indicted again for the same offence.

*Saturday,*
*December 4.*

ERROR to the *Vanderburgh* Circuit Court.

BLACKFORD, J.—This was an indictment for a rape. Plea, not guilty. Verdict and judgment for the state.

A bill of exceptions shows the following facts: On the trial, a witness stated that the offence was committed at the

defendant's house near Mr. *Phillips's* on this side of the *Ohio* river below the mouth of *Green* river. The presiding judge then asked the witness whether said house was below the residence of *Daniel Aikin*, and the witness said it was. The prosecuting attorney then asked the Court, whether the place designated by the witness was in *Vanderburgh* county, and the presiding judge, without being sworn, answered that it was. After the examination of the evidence on the part both of the state and of the prisoner was closed, the prisoner's counsel, in his argument to the jury, contended that the place where the offence was said to have been committed, had not been proved to be in *Vanderburgh* county. The argument to the jury on both sides being closed, the Court informed the prosecuting attorney, that it was barely possible that he had failed to prove the venue, by reason of a remark from the Court, and that the Court would, therefore, permit him to introduce a witness to prove that the house in which the offence was proved to have been committed, was in *Vanderburgh* county. The prosecuting attorney then called a witness, and proved the said house to be in *Vanderburgh* county; the defendant objecting to the introduction of the witness at that stage of the cause.

The only error assigned is the examination of the last-mentioned witness.

We do not think that the judgment should be reversed for the cause assigned. The defendant's counsel might have cross-examined the witness objected to; and, indeed, he might have examined other witnesses on the subject. Such oversights as the one we are considering must sometimes happen, and the furtherance of justice requires that they should not be fatal. Had the prosecuting attorney entered a *nolle prosequi*, instead of calling the witness, the prisoner could not have been indicted again for the same offence. *Commonwealth* v. *Wade*, 17 Pick. 395. It seems, therefore, that it was necessary in this case to adopt the course pursued, or permit the prisoner to escape without a full and fair trial of the issue.

There is the following case connected with the question before us: A person was indicted for stealing certain bank-notes, the property of one *Nash*. On the trial, a doubt arose

as to the evidence of property. When the counsel for the prosecution had closed his evidence, the prisoner's counsel objected that there was no evidence that the notes belonged to *Nash.* When the objection was made, the judge at the assizes wished to inquire more particularly as to the property; but it being objected that the prosecutor's counsel had closed his case, he forebore to inquire further. The judge charged the jury that the notes were the property of *Nash,* and the prisoner was convicted. The judge, fearing he might have mistaken the case, reserved the following point for the opinion of the judges, viz., whether there was sufficient proof of the property in *Nash?* At the next term, all the judges but one met, and were of opinion that the property was sufficiently proved to be in *Nash,* and that the prisoner was properly convicted. The reporters add, that none of the judges seemed to have any doubt but that the judge, if he had thought fit, might have made any further inquiry respecting the property, after the counsel stated they had closed their case. *Rex* v. *Remnant,* Russ. & Ry. Cr. Cas. 136.

*Per Curiam.*—The judgment is affirmed with costs.

*C. Baker,* for the plaintiff.

*J. L. Ketcham* and *L. Q. De Bruler,* for the state.